**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 02-2112**

_____

GAIL W. GODWIN; SKYE GODWIN,

                              Plaintiffs - Appellants,

        versus

STATE OF VIRGINIA CHILD SUPPORT ENFORCEMENT
DIVISION; STEPHEN CANNELLA,

                              Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, District
Judge.  (CA-02-421)

_____

Submitted:  February 24, 2003        Decided:  March 13, 2003

_____

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Gail W. Godwin, Skye Godwin, Appellants Pro Se.  Peter Robert
Messitt, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond,
Virginia; William DeLaney Bayliss, James Scott Kulp, WILLIAMS,
MULLEN, CLARK & DOBBINS, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gail Godwin and Skye Godwin appeal the district court's order denying relief on their complaint under 42 U.S.C. §§ 1983, 1985 (2000). We have reviewed the record and find no reversible error. Accordingly, we affirm substantially for the reasons stated by the district court.[*] See Godwin v. Virginia Child Support Enforcement Division, No. CA-0-421 (E.D. Va. Aug. 30, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent that Gail Godwin has standing based on her claims of humiliation, embarrassment, and mental and emotional stress, her claims fail for the same reasons as Skye's, as set forth in the district court's opinion. Further, as to Plaintiffs' claim on appeal that Defendant Canella should be considered a state actor because he conspired with state actors, their claim is unsupported and thus must fail. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).